# United States Bankruptcy Court

## District of Vermont

In re:

    Roman Catholic Diocese of Burlington, Vermont ,
                      Debtor.

Case Number: 24–10205 hzc
Chapter: 11

The Official Committee of Unsecured Creditors ,
                      Plaintiff.
  v.

Adversary Proceeding
No.: 26–01005 hzc

Roman Catholic Diocese of Burlington Vermont;
Bishop John J. McDermott;
Rice Memorial High School;
Mount St. Joseph High School;
Christ The King – St. Anthony Parish, Burlington;
St. Joseph Co–Cathedral, Burlington;
St. Mark Parish, Burlington;
St. Ambrose Church, Bristol;
St. Mary Church, Cambridge;
Our Lady of Mt. Carmel Church, Charlotte;
Our Lady of Grace Parish, Colchester;
St. Pius X Church, Essex Junction;
Holy Family – St. Lawrence Parish, Essex Junction;
St. Jude Church, Hinesburg;
Holy Cross Parish, Colchester;
St. Ann Parish, Milton;
Our Lady of the Holy Rosary Parish, Richmond;
St. Catherine of Siena, Shelburne;
St. John Vianney Church, South Burlington;
Our Lady of the Lake Parish, South Hero;
St. Thomas Parish, Underhill Center;
St. Peter Parish, Vergennes;
Immaculate Heart of Mary Parish, Williston;
St. Francis Xavier, Winooski;
St. Charles Parish, Bellows Falls;
Our Lady of the Valley Parish, Randolph;
St. Michael Roman Catholic Church, Brattleboro;
Holy Name of Mary Parish, Proctorsville c/o Ludlow;
Our Lady of Mercy, Putney;
Holy Family Parish, Springfield;
St. Anthony's Parish, White River;
Our Lady Fatima, Wilmington;
St. Francis of Assisi Parish, Windsor;
Our Lady of the Snows, Woodstock;
Christ Our Savior Parish, Manchester Center;
St. John the Baptist Parish, North Bennington;
St. Joachim Parish, Readsboro;
Sacred Heart St. Francis de Sales, Bennington;
St. Monica Parish, Barre;
Our Lady of Perpetual Help, Bradford;
St. Francis of Assisi, Norwich;
Our Lady of Light, South Strafford;
St. Eugene, Wells River;
Mary Queen of All Saints, Hardwick;
St. Augustine Parish, Montpelier;
The Most Holy Name of Jesus Parish, Morrisville;
St. John the Evangelist Parish, Northfield;
Blessed Sacrament Catholic Church, Stowe;

Our Lady of the Snow and St. Patrick's Parish, Waitsfield & Moretown;
St. Andrew Parish, Waterbury;
Most Holy Trinity Parish, Barton;
Mater Dei Parish, Derby Line;
Corpus Christi Parish, St. Johnsbury;
St. Andre Bessette Parish, Troy;
St. Mary Parish Charitable Trust, Brandon;
St. Bernadette and St. Genevieve Parish, Bridport c/o Middlebury;
St. John the Baptist Parish, Castleton;
Our Lady of Seven Dolors Parish, Fair Haven;
Annunciation of the Blessed Virgin Mary, Ludlow;
Assumption of the Blessed Virgin Mary (St. Mary's) Parish, Middlebury;
St. Frances Cabrini Parish, West Pawlet;
St. Paul Parish, Orwell c/o Castleton;
St. Alphonsus, Pittsford;
St. Raphael Parish, Poultney;
St. Dominic Parish, Proctor;
Christ the King Church, Rutland;
St. Peter, Rutland;
St. Patrick Parish, Wallingford;
St. Bridget Parish, West Rutland;
St. Stanislaus Kostka Parish, West Rutland;
St. John the Baptist, Enosburg;
St. Luke, Fairfax;
St. Patrick Parish, Fairfield;
St. Isidore Parish, Montgomery c/o Richford;
All Saints Parish, Richford;
Our Lady of Lourdes Parish, East Berkshire;
Immaculate Conception Parish, St. Albans;
Ascension Parish, Georgia c/o Fairfax;
St. Anthony Parish, Sheldon Springs;
St. Mary's, Franklin;
St. Anthony St. George Parish, Fairfield;
Christ the King School, Burlington;
St. Michael School, Brattleboro;
Sacred Heart School, Bennington;
St. Monica – St. Michael School, Barre;
St. Paul's Catholic School, Barton;
Christ the King School, Rutland;
Good Shepherd Catholic School, St. Johnsbury;
St. Therese Digital Academy, Burlington;
Church of the Nativity – St. Louis Parish, Swanton;
And DOES 1 through 20, being intended to name any other parishes whose
true name and identity is not yet known;

                              Defendant.

---

### SUMMONS

YOU ARE HEREBY SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the Clerk of the Bankruptcy Court within 30 days after the issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

        U.S. Bankruptcy Court
        11 Elmwood Ave
        P.O. Box 1663
        Burlington, VT 05402–1663

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney and to the case trustee if one has been appointed, or to the United States Trustee if no trustee has been appointed in this case.

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Dated of Issuance: August 3, 2026

Jeffrey S. Eaton, Clerk of Court

United States Bankruptcy Court
District of Vermont
11 Elmwood Ave
P.O. Box 1663
Burlington, VT 05402−1663

Tel. (844) 644−7459
VCIS* (866) 222−8029
* Voice Case Information System
http://www.vtb.uscourts.gov
Form 217 − sah

This page intentionally left blank

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

<u>INSTRUCTIONS TO PLAINTIFF(S)</u>

Enclosed please find the Summons, the Certificate of Service of
Process, an Order on Pre−Trial Deadlines, Scheduling Order Form
7026(f) and an Election for Alternate Dispute Resolution (ADR) form.
Within seven days from the date of issuance of the summons, you
must serve the summons, complaint, Order on Pre−Trial Deadlines,
Scheduling Order Form 7026(f) and the Election for Alternate Dispute
Resolution (ADR) form on the defendant(s) in a manner authorized by
Federal Rule of Bankruptcy Procedure 7004. If service is not timely
made, please contact the court and request a new summons be issued.

After service is made, but not later than the answer due date, file a
completed Certificate of Service of Process with the Clerk of the
Court.

U.S. Bankruptcy Court
11 Elmwood Ave
P.O. Box 1663
Burlington, VT 05402−1663

Note: If you wish to dismiss your complaint, you must comply with
Federal Rule of Bankruptcy Procedure 7041.

Jeffrey S. Eaton, Clerk of Court

See Reverse for Certificate of Service of Process

# United States Bankruptcy Court

## District of Vermont

In re:

    Roman Catholic Diocese of Burlington, Vermont ,
               Debtor.

Case Number: 24−10205 hzc
Chapter: 11

    The Official Committee of Unsecured Creditors ,
               Plaintiff.

v.

    Roman Catholic Diocese of Burlington Vermont et al. ,
               Defendant.

Adversary Proceeding
No.: 26−01005 hzc

### CERTIFICATE OF SERVICE OF PROCESS

**I,_____, certify that at all times during the service of process I was not less than 18 years of age, and not a party to the matter concerning which the service of process was made, I further certify that the service of the summons dated August 3, 2026, along with copies of the complaint, Order on Pre−Trial Deadlines, Scheduling Order Form 7026(f), and the Election for Alternate Dispute Resolution (ADR) form were made on _____ by (check one):**

\_\_\_\_\_ **Mail service:** Regular, First Class United States mail, postage fully pre−paid, addressed to (insert address in space below):

\_\_\_\_\_ **Mail service:** Certified, First Class United States mail, postage fully pre−paid, addressed to (insert address in space below):

\_\_\_\_\_ **Personal Service:** By leaving the process with defendant or with an officer or agent of defendant at (insert address in space below):

\_\_\_\_\_ **Residence Service:** By leaving the process with the following adult at (insert address in space below):

\_\_\_\_\_ **Certified Mail Service on an Insured Depository Institution:** By sending the process by certified mail addressed to the following officer of the defendant at (insert address in space below):

\_\_\_\_\_ **Publication:** The defendant was served as follows: [describe briefly in space below]

\_\_\_\_\_ **State Law:** The defendant was served pursuant to the laws of the State of Vermont, as follows: [describe briefly in space below]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____    _____
Date                Signature
                     _____
                     Print Name
                     _____
                     Business Address
                     _____
                     City/State/Zip

# United States Bankruptcy Court

## District of Vermont

Filed & Entered
On Docket
August 3, 2026

In re:

Roman Catholic Diocese of Burlington, Vermont ,
Debtor.

Case Number: 24–10205 hzc
Chapter: 11

The Official Committee of Unsecured Creditors ,
Plaintiff.

v.

Adversary Proceeding
No.: 26–01005 hzc

Roman Catholic Diocese of Burlington Vermont;
Bishop John J. McDermott;
Rice Memorial High School;
Mount St. Joseph High School;
Christ The King – St. Anthony Parish, Burlington;
St. Joseph Co–Cathedral, Burlington;
St. Mark Parish, Burlington;
St. Ambrose Church, Bristol;
St. Mary Church, Cambridge;
Our Lady of Mt. Carmel Church, Charlotte;
Our Lady of Grace Parish, Colchester;
St. Pius X Church, Essex Junction;
Holy Family – St. Lawrence Parish, Essex Junction;
St. Jude Church, Hinesburg;
Holy Cross Parish, Colchester;
St. Ann Parish, Milton;
Our Lady of the Holy Rosary Parish, Richmond;
St. Catherine of Siena, Shelburne;
St. John Vianney Church, South Burlington;
Our Lady of the Lake Parish, South Hero;
St. Thomas Parish, Underhill Center;
St. Peter Parish, Vergennes;
Immaculate Heart of Mary Parish, Williston;
St. Francis Xavier, Winooski;
St. Charles Parish, Bellows Falls;
Our Lady of the Valley Parish, Randolph;
St. Michael Roman Catholic Church, Brattleboro;
Holy Name of Mary Parish, Proctorsville c/o Ludlow;
Our Lady of Mercy, Putney;
Holy Family Parish, Springfield;
St. Anthony's Parish, White River;
Our Lady Fatima, Wilmington;
St. Francis of Assisi Parish, Windsor;
Our Lady of the Snows, Woodstock;
Christ Our Savior Parish, Manchester Center;
St. John the Baptist Parish, North Bennington;
St. Joachim Parish, Readsboro;
Sacred Heart St. Francis de Sales, Bennington;
St. Monica Parish, Barre;
Our Lady of Perpetual Help, Bradford;
St. Francis of Assisi, Norwich;
Our Lady of Light, South Strafford;
St. Eugene, Wells River;
Mary Queen of All Saints, Hardwick;
St. Augustine Parish, Montpelier;
The Most Holy Name of Jesus Parish, Morrisville;
St. John the Evangelist Parish, Northfield;
Blessed Sacrament Catholic Church, Stowe;

Our Lady of the Snow and St. Patrick's Parish, Waitsfield & Moretown;
St. Andrew Parish, Waterbury;
Most Holy Trinity Parish, Barton;
Mater Dei Parish, Derby Line;
Corpus Christi Parish, St. Johnsbury;
St. Andre Bessette Parish, Troy;
St. Mary Parish Charitable Trust, Brandon;
St. Bernadette and St. Genevieve Parish, Bridport c/o Middlebury;
St. John the Baptist Parish, Castleton;
Our Lady of Seven Dolors Parish, Fair Haven;
Annunciation of the Blessed Virgin Mary, Ludlow;
Assumption of the Blessed Virgin Mary (St. Mary's) Parish, Middlebury;
St. Frances Cabrini Parish, West Pawlet;
St. Paul Parish, Orwell c/o Castleton;
St. Alphonsus, Pittsford;
St. Raphael Parish, Poultney;
St. Dominic Parish, Proctor;
Christ the King Church, Rutland;
St. Peter, Rutland;
St. Patrick Parish, Wallingford;
St. Bridget Parish, West Rutland;
St. Stanislaus Kostka Parish, West Rutland;
St. John the Baptist, Enosburg;
St. Luke, Fairfax;
St. Patrick Parish, Fairfield;
St. Isidore Parish, Montgomery c/o Richford;
All Saints Parish, Richford;
Our Lady of Lourdes Parish, East Berkshire;
Immaculate Conception Parish, St. Albans;
Ascension Parish, Georgia c/o Fairfax;
St. Anthony Parish, Sheldon Springs;
St. Mary's, Franklin;
St. Anthony St. George Parish, Fairfield;
Christ the King School, Burlington;
St. Michael School, Brattleboro;
Sacred Heart School, Bennington;
St. Monica – St. Michael School, Barre;
St. Paul's Catholic School, Barton;
Christ the King School, Rutland;
Good Shepherd Catholic School, St. Johnsbury;
St. Therese Digital Academy, Burlington;
Church of the Nativity – St. Louis Parish, Swanton;
And DOES 1 through 20, being intended to name any other parishes whose
true name and identity is not yet known;
                                        Defendant.

---

**ORDER ON PRE–TRIAL DEADLINES**

1.   The Court hereby orders the plaintiff to serve each defendant with this Order on Pre–Trial Deadlines, Scheduling Order Form 7026(f), and the Election for Alternate Dispute Resolution (ADR) form along with the summons and complaint.

2.   It is further ordered that all parties shall adhere to the following deadlines:

   A.   The Clerk's Office shall set the Court's scheduling conference promptly after the answer is filed.* At least twenty one (21) days before the date set for the Court's scheduling conference, the parties shall meet pursuant to Bankruptcy Rule 7026(f). During this meeting, each party shall notify the opposing party of any curable defects in the pleadings that will be the subject of a motion to dismiss if not cured. Within fourteen (14) days of the meeting, the parties shall jointly file with the Clerk the Scheduling Order – Form 7026(f) ("Form 7026(f)") attached hereto. Failure to conduct a Bankruptcy Rule 7026(f) meeting or to file Form 7026(f) may result in dismissal of the adversary proceeding, entry of a default, imposition of sanctions or other appropriate relief.

B.    In accordance with Bankruptcy Rule 7026(d), formal discovery may not commence until the parties have met as required by Bankruptcy Rule 7026(f). Informal discovery by agreement of the parties is encouraged and may commence at any time. Unless otherwise ordered upon a showing of good cause, discovery shall be completed within ninety (90) days after the date of the notice setting the Court's scheduling conference.

C.    If the parties agree to use the Alternative Dispute Resolution Program ("ADR"), the ADR election form shall be filed within forty–five (45) days of the date of the notice setting the scheduling conference and shall commence within thirty (30) days thereafter.

D.    The ADR report shall be filed within ten (10) days of the conclusion of the ADR session.

E.    All motions relating to joinder of parties, claims or remedies, class certification and amendment of the pleadings shall be filed within thirty (30) days of the date of the notice setting the Court's scheduling conference.

---------

*If multiple answers are due, it shall be the date after the last answer is filed or the time for that answer has expired.*

F.  All dispositive motions, including motions for summary judgment, shall be filed within one hundred (100) days after the date of the notice setting the Court's scheduling conference. The filing of such motions shall not stay discovery or extend the time for completing discovery.

3.  Parties can elect not to attend the Court's scheduling conference provided that (i) the parties state in Form 7026(f) that they will not appear at the Court's scheduling conference; (ii) the parties agree on a date for the final pre−trial conference in Form 7026(f); and (iii) the court has issued the Scheduling Order. If the parties will not be utilizing the Court's scheduling conference, the Court, pursuant to Bankruptcy Rule 7016(b), will enter a scheduling order for a final pre−trial conference based upon the parties' Form 7026(f) filed with the Clerk.

4.  Entry of Scheduling Order − Form 7026(f) shall constitute the deadlines for the case. The terms of Scheduling Order − Form 7026(f) supercede the terms of this Order, once it is executed and entered by the Court. The Scheduling Order − Form 7026(f) may be modified on motion or by the Court acting *sua sponte*.

5.  The Court may grant motions for summary judgment without hearing or notice unless the party opposing such motion sets forth specific facts to demonstrate the existence of a genuine issue of material fact for trial, in the manner specified in Bankruptcy Rule 7056 and Vt. Local Bankruptcy Rule 7056−1 and 7056−2.

Dated: August 3, 2026

Heather Z. Cooper
United States Bankruptcy Judge

United States Bankruptcy Court
District of Vermont
11 Elmwood Ave
P.O. Box 1663
Burlington, VT 05402−1663

Tel. (844) 644−7459
VCIS* (866) 222−8029
* Voice Case Information System
http://www.vtb.uscourts.gov
Form 217 − sah

# United States Bankruptcy Court

## District of Vermont

In re:

Roman Catholic Diocese of Burlington, Vermont ,  
                  Debtor.

Case Number: 24–10205 hzc  
Chapter: 11

The Official Committee of Unsecured Creditors ,  
                  Plaintiff.  
v.

Roman Catholic Diocese of Burlington Vermont et al. ,  
                  Defendant.

Adversary Proceeding  
No.: 26–01005 hzc

### JOINTLY PROPOSED SCHEDULING ORDER

1.    Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), a meeting was held on _____. The participants were:

_____      for plaintiff    _____  
Name of Attorney                                      Name of Party

_____      for defendant    _____  
Name of Attorney                                      Name of Party

2.    It is agreed that the above captioned adversary proceeding is (choose one):

____ a core proceeding. See 28 U.S.C. § 157(b)(2), over which this Court has constitutional authority to enter an final judgement; or

____ a proceeding related to a case under Title 11 as to which all the parties have consented to the entry of final orders and judgment by this Court pursuant to 28 U.S.C. § 157(c)(2); or

____ a proceeding related to a case under Title 11 as to which all the parties have not consented to the entry of final orders or judgment by this Court, pursuant to 28 U.S.C. § 157(c)(2); or

____ a core proceeding, pursuant to 28 U.S.C. § 157(c)(2), but is one over which, pursuant to Stern v. Marshall, 1325 S. Ct. 56 (2011), this Court lacks constitutional authority to enter a final judgment, and, either:

    ____ the parties consent to this Court's entry of a final order, or

    ____ the parties do not consent to this Court's entry of a final order; and instead seek proposed findings of fact and conclusions of law, analogous to those issued pursuant to 28 U.S.C. § 157(c)(2) and Bankruptcy Rule 9033, consistent with the Amended Standing Order of Reference issued June 28, 2012. (If this applies only to some causes of action, specify which ones.)

3.    The parties propose that the following dates govern this adversary proceeding:

   a.    The parties ___ will / ___will not appear at the Court's scheduling conference. ___ If so, the parties request that the Court not enter a scheduling order pursuant to Fed. R. Bankr. P. 7016(b) until such scheduling conference occurs.

   b.    The parties will make their Fed. R. Bankr. P. 7026(a)(1) disclosures by _____.

   c.    The parties will file all supplements to disclosures and responses, pursuant to Fed. R. Bankr. P. 7026(e), by _____.

   d.    The parties will file all motions relating to joinder of parties, claims, or remedies, class certification, and amendment of the pleadings by _____.

   e.    Depositions: [*set forth any unusual provisions re depositions, e.g., the following:*]

      i.    ____ The parties anticipate they will need to take at least _____ (*number*) depositions and waive the 10−deposition limit set out in Rule 30(a)(2)(A)(i).

      ii.    ____ All depositions will be videotaped, and the parties need to state that fact in each notice of deposition.

      iii.    ____ The parties agree that the deposition of _____ (*name of witness*) will take in excess of the seven−hour limit on depositions established by Rule 30(d)(1), and the deposition of _____ (*name of witness*) may take up to _____ (*number*) seven−hour days.

      iv.    ____ The parties will identify their expert witnesses in writing, and file that writing, on or before _____. Expert depositions shall be completed on or before _____.

   f.    Interrogatories: The parties each agree to serve no more than _____ (*number*) interrogatories (rather than the 25−interrogatory limit under Rule 7033(a)(1))

   g.    Production of documents. [*Set forth any unusual provisions re documents.*]

      i.    ____ The parties concede that many of the documents necessary for trial preparation contain trade secrets, proprietary information, or confidential business information the parties do not wish to have disclosed to the public. No later than _____, the parties will negotiate the terms and procedures for a Stipulated Protective Order for the Court's consideration.

      ii.    ____ Other: [*describe*] _____

   h.    ____ The initial disclosures will merely describe relevant documents, identifying all documents the party wishes to submit under the protection of the Stipulated Protective Order. Copies of the documents identified in the initial disclosures will actually be exchanged ____ (*number*) days following the Court's entry of the Stipulated Protective Order. No Request for Production of Documents under Rule 34 may be served until ____ (*number*) days after this voluntary exchange of documents.

   i.    Electronically Stored Information ("ESI") : The parties agree to the following provisions regarding ESI:

      i.    ____ The parties agree that disclosure or production of ESI will be limited to data reasonably available to the parties in the ordinary course of business.

      ii.    ____ The parties agree that ESI will be produced in the following format and media: [*set forth production format(s), e.g., paper documents, image files such as PDF or TIFF, inclusion of metadata, native or near−native formats*]. _____

iii. ____ The parties agree that ESI will be produced using the following procedures: [*describe the procedure for exchange of ESI*].

_____

iv. ____ The parties agree that reasonable measures have been (or will be) taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business. [*describe the procedures used for preserving potentially discoverable data*].

_____

v. ____ The parties have identified the following issues or problems that may arise in connection with electronic or computer−based discovery: [*describe*].

_____

j. The parties will complete discovery by _____. The parties reserve the right to seek additional time for discovery or to revise other provisions of this Schedule.

k. Alternative Dispute Resolution ___ will / ___ will not be used. If it is being used, it will commence no later than _____, and the parties will file the Alternative Dispute Resolution Report by _____.

l. The parties will file all dispositive motions by _____.

m. The parties will file a Stipulation of Facts and Joint Final Pre−Trial Statement by _____.

n. The parties request a final pre−trial conference not earlier than _____.

4. The parties propose the following changes in the limitations imposed upon discovery pursuant to Fed. R. Bankr. P. 7026: [*describe*]. _____

5. The parties request the following additional items be added to the scheduling or litigation procedures in this proceeding: [*describe*]. _____

_____        _____
Date                                                                    Attorney for Plaintiff

_____        _____
Date                                                                    Attorney for Defendant

Order

IT IS HEREBY ORDERED that the dates proposed by the parties, and as set out above, are approved.

IT IS FURTHER ORDERED that the parties shall appear at a final pre–trial conference on
_____in the Bankruptcy Judge's Chambers at the U.S. Bankruptcy Court at
_____, Vermont.

SO ORDERED.

Date:_____          _____
                                                Heather Z. Cooper
                                                United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Dated:  August 3, 2026

RE:     Case # 24−10205
Election of Alternate Dispute Resolution (ADR)

Dear Counsel:

Pursuant to Vermont Local Bankruptcy Rule 9019−1, Alternative Dispute Resolution (ADR), including early neutral evaluation (ENE), may be utilized in adversary proceedings and contested matters filed in the U.S. Bankruptcy Court for the District of Vermont. The ENE provisions of the local rules of the United States District Court, District of Vermont apply in Bankruptcy Court (subject to the modifications set forth in the forms provided to you by the Bankruptcy Court), if you choose to utilize the ADR or ENE programs. However, the use of ADR and ENE is not mandatory in Bankruptcy Court, except when the Court so directs in a particular contested matter or adversary proceeding. Generally, parties will only use ADR or ENE in bankruptcy matters when all parties to the dispute so stipulate.

Please use the Election for Alternative Dispute Resolution (ADR) form found on the reverse side of this sheet for making your election.

If you elect to proceed with ADR, a list of three neutrals will be sent to you within 10 days of filing of your election for ADR.

Please call me at the number below if you have any questions.

United States Bankruptcy Court
(844) 644−7459

# United States Bankruptcy Court

## District of Vermont

In re:

Roman Catholic Diocese of Burlington, Vermont ,
Debtor.

Case Number: 24–10205 hzc
Chapter: 11

The Official Committee of Unsecured Creditors ,
Plaintiff.

v.

Roman Catholic Diocese of Burlington Vermont et al. ,
Defendant.

Adversary Proceeding
No.: 26–01005 hzc

### Election for Alternative Dispute Resolution (ADR)

Pursuant to Order on Pre–trial Deadlines and Vermont Local Bankruptcy Rule 9019–1, alternative dispute resolution (ADR), including early neutral evaluation (ENE), the parties make the following election:

\_\_\_\_\_  ADR option elected.

\_\_\_\_\_  ADR option declined.
Please provide a brief statement as to why you have chosen not to elect ADR (for statistical purposes):

_____

_____

_____

_____

_____

Date:

PLAINTIFF:
By:_____

DEFENDANT:
By:_____

United States Bankruptcy Court

District of Vermont

The Official Committee of Unsecured Cred,

Plaintiff

Roman Catholic Diocese of Burlington Ver,

Defendant

Adv. Proc. No. 26-01005-hzc

# CERTIFICATE OF NOTICE

District/off: 0210-2       User: admin       Page 1 of 1

Date Rcvd: Aug 03, 2026       Form ID: 217       Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 05, 2026:**

**Recip ID**       **Recipient Name and Address**
aty       Brittany M. Michael, Pachulski Stang Zeihl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017-2024

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 05, 2026       Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 3, 2026 at the address(es) listed below:**

**Name**       **Email Address**

Paul A Levine

      on behalf of Plaintiff The Official Committee of Unsecured Creditors plevine@lemerygreisler.com phartl@lemerygreisler.com

TOTAL: 1