**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

In re:

Roman Catholic Diocese of Burlington, Vermont,

Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

The Official Committee of Unsecured Creditors,

Plaintiff,

Adversary Case No.: 26-01005

vs.

Roman Catholic Diocese of Burlington, Vermont; Bishop John J. McDermott; Rice Memorial High School; Mount St. Joseph High School; Christ the King - St. Anthony Parish, Burlington; St. Joseph Co-Cathedral, Burlington; St. Mark Parish, Burlington; St. Ambrose Church, Bristol; St. Mary Church, Cambridge; Our Lady of Mt. Carmel Church, Charlotte; Our Lady of Grace Parish, Colchester; St. Pius X Church, Essex Junction; Holy Family - St. Lawrence Parish, Essex Junction; St. Jude Church, Hinesburg; Holy Cross Parish, Colchester; St. Ann Parish, Milton; Our Lady of the Holy Rosary Parish, Richmond; St. Catherine of Siena, Shelburne; St. John Vianney Church, South Burlington; Our Lady of the Lake Parish, South Hero; St. Thomas Parish, Underhill Center; St. Peter Parish, Vergennes; Immaculate Heart of Mary Parish, Williston; St. Francis Xavier, Winooski; St. Charles Parish, Bellows Falls; Our Lady of the Valley Parish, Randolph; St. Michael Roman Catholic Church, Brattleboro; Holy Name of Mary Parish, Proctorsville c/o Ludlow; Our Lady of Mercy, Putney; Holy Family Parish, Springfield; St. Anthony's Parish, White River; Our Lady of Fatima, Wilmington; St. Francis of Assisi Parish, Windsor; Our Lady of the Snows, Woodstock; Christ Our Savior Parish, Manchester Center; St. John the Baptist Parish, North Bennington; St. Joachim Parish, Readsboro; Sacred Heart St. Francis de Sales, Bennington; St. Monica

Parish, Barre; Our Lady of Perpetual Help, Bradford; St. Francis of Assisi, Norwich; Our Lady of Light, South Strafford; St. Eugene, Wells River; Mary Queen of All Saints, Hardwick; St. Augustine Parish, Montpelier; The Most Holy Name of Jesus Parish, Morrisville; St. John the Evangelist Parish, Northfield; Blessed Sacrament Catholic Church, Stowe; Our Lady of the Snow and St. Patrick's Parish, Waitsfield & Moretown; St. Andrew Parish, Waterbury; Most Holy Trinity Parish, Barton; Mater Dei Parish, Derby Line; Corpus Christi Parish, St. Johnsbury; St. Andre Bessette Parish, Troy; St. Mary Parish Charitable Trust, Brandon; St. Bernadette and St. Genevieve Parish, Bridport c/o Middlebury; St. John the Baptist Parish, Castleton; Our Lady of Seven Dolors Parish, Fair Haven; Annunciation of the Blessed Virgin Mary, Ludlow; Assumption of the Blessed Virgin Mary (St. Mary's) Parish, Middlebury; St. Frances Cabrini Parish, West Pawlet; St. Paul Parish, Orwell c/o Castleton; St. Alphonsus, Pittsford; St. Raphael Parish, Poultney; St. Dominic Parish, Proctor; Christ the King Church, Rutland; St. Peter, Rutland; St. Patrick Parish, Wallingford; St. Bridget Parish, West Rutland; St. Stanislaus Kostka Parish, West Rutland; St. John the Baptist, Enosburg; St. Luke, Fairfax; St. Patrick Parish, Fairfield; St. Isidore Parish, Montgomery c/o Richford; All Saints Parish, Richford; Our Lady of Lourdes Parish, East Berkshire; Immaculate Conception Parish, St. Albans; Ascension Parish, Georgia c/o Fairfax; St. Anthony Parish, Sheldon Springs; St. Mary's, Franklin; Church of the Nativity - St. Louis Parish, Swanton; St. Anthony St. George Parish, Fairfield; Christ the King School, Burlington; St. Francis Xavier, Winooski; St. Michael School, Brattleboro; Sacred Heart School, Bennington; St. Monica - St. Michael School, Barre; St. Paul's Catholic School, Barton; Christ the King School, Rutland; Good Shepherd Catholic School, St. Johnsbury; St. Therese Digital Academy, Burlington; and Does 1 Through 20, being intended to name any other parishes whose true name and identity is not yet known.

Defendants.

## DIOCESE'S MOTION TO DISMISS COMPLAINT

Stepping into the shoes of the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"),[1] the Official Committee of Unsecured Creditors (the "Committee") commenced this adversary proceeding ultimately seeking: (1) a determination that the parishes and their related parochial schools (the "Parishes"), the charitable trusts established in connection with the Parishes (the "Parish Trusts"), and two high schools (the "High Schools" and, collectively with the Parishes and the Parish Trusts, the "Other Catholic Entities") are not separate legal entities from the Diocese; and (2) turnover of alleged fraudulent transfers made by the Diocese to the Other Catholic Entities. The Committee levies three declaratory relief claims and one turnover claim against the Diocese seeking this relief. Each of these claims against the Diocese should be dismissed.

First, pursuant to the Committee's allegations, the Other Catholic Entities—not the Diocese—hold assets that purportedly constitute property of the estate. The Committee named the Other Catholic Entities as co-defendants of the Diocese and the Other Catholic Entities are separately represented. As the Other Catholic Entities assert an ownership interest in the assets purportedly constituting property of the estate, the Other Catholic Entities are thus the proper defendants as to those claims, not the Diocese. Second, the Diocese consents to the Court's eventual final judgment as to the Committee's declaratory relief claims, whether in favor or against the Committee. No need exists to require the Diocese to defend against those claims. Third, dismissing the claims against the Diocese subject to its consent to final judgment on the declaratory relief claims will prevent the costs to the estate of both prosecuting and defending against the

[1] Unless otherwise defined herein, defined terms in this Motion have the same meaning as used within the Complaint for Declaratory Relief, Avoidance of Fraudulent Transfers, and Turnover (the "Complaint").

Committee's claims, which ultimately benefits creditors (including those represented by the Committee). Accordingly, the Diocese's Motion to Dismiss Complaint ("Motion") should be granted and the claims against the Diocese dismissed.

**JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The petition commencing the Diocese's Chapter 11 case, Case No. 24-10205-HZC, was filed on September 30, 2024 (the "Petition Date"). The case is currently pending before this Court.

3. This Motion arises under Federal Rule of Civil Procedure 12 and Bankruptcy Rule 7012. This Motion is filed under Bankruptcy Rules 7012 and 7005 and Local Rules 9013-1 to -6.

**UNDISPUTED FACTS**

4. Pursuant to the Court's July 28, 2026, Order Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Prosecute Certain Causes of Action on Behalf of the Debtor and its Estate entered in Case No. 24-10205, ECF No. 844 (the "Derivative Standing Order"), the Committee filed and served its Complaint for Declaratory Relief, Avoidance of Fraudulent Transfers, and Turnover (ECF No. 1) commencing this adversary proceeding.

5. The Committee asserts six separate claims for relief against all above-captioned defendants, including the Diocese. These claims include: (1) a claim for declaratory relief against all defendants that the Parishes and High Schools are unincorporated operating divisions of the Diocese (and not separate legal entities) (ECF No. 1 ¶¶ 85–87); (2) a claim for declaratory relief

against all defendants that any assets of the Diocese allegedly held for the benefit of the Parishes and High Schools are property of the bankruptcy estate and are subject to the claims of the Diocese's creditors (*id.* ¶¶ 89–93); (3) a claim for declaratory relief against all defendants that each Parish Trust is a self-settled trust under Vermont law, the assets of which are subject to the claims of the Diocese's creditors, pursuant to 14A V.S.A. § 505 (ECF No. 1 ¶¶ 95–101); (4) a claim for avoidance and recovery of certain transfers as intentionally fraudulent under 11 U.S.C. §§ 544(b) and 550 and 9 V.S.A. §§ 2285–2295 against Bishop John J. McDermott, in his capacity as trustee for the Parish Trusts (the "Trustee") (ECF No. 1 ¶¶ 103–107); (5) a claim for avoidance and recovery of certain transfers as constructively fraudulent under 11 U.S.C. §§ 544(b) and 550 and 9 V.S.A. §§ 2285–2295 against the Trustee (ECF No. 1 ¶¶ 109–113); and (6) turnover of assets held in trust for the benefit of the Parishes and High Schools under 11 U.S.C. §§ 541, 542, and 544 and 14A V.S.A. § 505 against the Diocese and the Trustee (ECF No. 1 ¶¶ 115–18).

## LEGAL STANDARD

6. Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Bankruptcy Rule 7012(b), before a responsive pleading is made, a party may move to dismiss an adversary complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).

7. To survive a Rule 12(b)(6) motion to dismiss, a complain must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint must allege more than a mere possibility that the plaintiff is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

8. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

(quotations omitted); *see also In re Scafuro*, No. 12-10902, 2013 WL 4776740, at *1 (Bankr. D. Vt. Sept. 4, 2013).

## I. THE COMMITTEE'S TURNOVER CLAIM SHOULD BE DISMISSED BECAUSE THE DIOCESE IS NOT A PROPER DEFENDANT.

9. The Court should grant the Diocese's Motion and dismiss the Committee's turnover claim (Claim 6) against the Diocese because the Diocese is not a proper defendant as to the claim. Under 11 U.S.C. § 542(a),

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, **<u>shall deliver to the trustee</u>**, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*Id.* (emphasis added).

10. The debtor-in-possession or trustee holds the right to compel turnover under 11 U.S.C. § 542 as the real party in interest. Pursuant to the Derivative Standing Order, the Committee stepped into the Diocese's shoes as debtor-in-possession and asserts claims, including the turnover claim, in the name of the Diocese. (*See* Case No. 24-10205, ECF No. 844.) *See also In re STN Enters.*, 779 F.2d 901 (2d Cir. 1985) (explaining that committees initiate proceedings in the name of the debtor in possession).

11. Naming the Diocese as a defendant in this adversary proceeding creates an inherent problem. The Committee, acting on behalf of the Diocese, as debtor-in-possession, as the plaintiff, and the Diocese, as the debtor-in-possession, as one of the defendants. There is no adversity between the Committee and the Diocese, requiring dismissal of the claims against the Diocese. *See Muskrat v. United States*, 219 U.S. 346, 361 (1911) (holding that the U.S. Constitution limits federal court judicial power to "determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction," not actions between parties without sufficient

adverseness); *Veritas Vincit, LLC v. Brown*, No. 4:24-CV-00079-JRG, 2024 WL 3543414, at *7 (E.D. Tex. July 25, 2024) (finding federal court lacks jurisdiction where same party is effectively on both sides of controversy); *In re DuMouchelle*, 655 B.R. 125, 129 (Bankr. E.D. Mich. 2023) (applying "case or controversy" requirement to bankruptcy adversary proceeding).

12. It defies logic that the Committee may sue the Diocese for turnover pursuant to its derivative standing because the Committee is exercising the Diocese's alleged cause of action. The Committee's claim also proves inconsistent with the derivative standing it exercises because it requires the Diocese, an alleged absent plaintiff whose rights the Committee is asserting due to alleged inaction, to actively participate as an adverse party.

13. Regardless of logic, the Committee's own allegations undermine its turnover claim against the Diocese. The Committee alleges that the Diocese created and funded each Parish Trust in fraud of creditors and that each such transfer should be reversed with the trust assets returned to the Diocese's bankruptcy estate. (*See* ECF No. 1 ¶¶ 103–118.)

14. But the Parish Trusts are the parties alleged to have received the transfers and so the requested relief (voiding of the transfers and turnover of property to the bankruptcy estate) is properly asserted against the Parish Trusts, not the alleged transferor, the Diocese. *See, e.g.*, 11 U.S.C. § 542(a) ("an entity . . . in possession, custody, or control, during the case, or property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property . . . .").

15. Because the Parish Trusts, not the Diocese, are the parties allegedly in receipt and control of the alleged estate property at issue, those entities are the proper defendants as to those claims—not the Diocese. Accordingly, the Court should grant this motion and dismiss the Committee's Claim 6 against the Diocese.

## II. THE COURT SHOULD DISMISS THE COMMITTEE'S DECLARATORY JUDGMENT CLAIMS AGAINST THE DIOCESE AS THE DIOCESE IS AN UNNECESSARY PARTY.

16. The Court should also grant the Diocese's Motion and dismiss the Committee's declaratory judgment claims (Claims 1 through 3) against the Diocese because the Diocese is not a proper or necessary party to those claims and otherwise requiring the Diocese to participate would incur greater costs to the ultimate detriment of creditors.

17. As described above, the Committee stepped into the shoes of the Diocese and its assertion of claims against the Diocese inappropriately places the Diocese (and effectively the Committee) on both sides of the adversary proceeding. Regardless, the Diocese agrees to be bound by the Court's ultimate ruling on Claims 1 through 3. The Other Catholic Entities are separately represented and can and will defend their interests in this proceeding. The Diocese is thus not proper or necessary to this litigation.

18. Requiring the Diocese to defend this adversary proceeding, however, would incur unnecessary, yet significant, costs to the estate, as the Diocese would be both funding the Committee's prosecution of its claims and the Diocese's own defense.

19. While ultimately declining to rule on this issue because it was not properly before it, the bankruptcy court in the *In re Roman Catholic Bishop of Great Falls, Montana* case raised this very question and concern. *In re Roman Cath. Bishop of Great Falls, Montana*, 584 B.R. 335, 340 (Bankr. D. Mont. 2018) ("While this question is perhaps academic, since the Committee's proposed complaint indeed names the Diocese as a defendant, the Court could be concerned over whether assets of the bankruptcy estate should be used to fund both prosecution and defense of the same action."). For the same reasons articulated by the court in the *In re Roman Catholic Bishop of Great Falls, Montana* case, the Diocese moves the Court to dismiss the claims against the

Diocese, allowing the Diocese to attempt to preserve some estate assets for the benefit of the very creditors the Committee purports to represent.

**CONCLUSION**

20. For all of the foregoing reasons, the Court should grant the Motion and dismiss the Committee's claims against the Diocese.

Dated: September 2, 2026

*/s/ Steven R. Kinsella*

Raymond J. Obuchowski
**OBUCHOWSKI LAW OFFICE**
1542 Route 107, PO Box 60
Bethel, VT 05032
(802) 234-6244
ray@oeblaw.com

James L. Baillie (*pro hac vice*)
Steven R. Kinsella (*pro hac vice*)
Samuel M. Andre (*pro hac vice*)
Katherine A. Nixon (*pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
jbaillie@fredlaw.com
skinsella@fredlaw.com
sandre@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR THE ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT**