**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

In re:

Roman Catholic Diocese of Burlington, Vermont,

Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

The Official Committee of Unsecured Creditors,

Plaintiff,

Adversary Case No.: 26-01005

v.

Roman Catholic Diocese of Burlington, Vermont; Bishop John J. McDermott; Rice Memorial High School; Mount St. Joseph High School; Christ the King - St. Anthony Parish, Burlington; St. Joseph Co-Cathedral, Burlington; St. Mark Parish, Burlington; St. Ambrose Church, Bristol; St. Mary Church, Cambridge; Our Lady of Mt. Carmel Church, Charlotte; Our Lady of Grace Parish, Colchester; St. Pius X Church, Essex Junction; Holy Family - St. Lawrence Parish, Essex Junction; St. Jude Church, Hinesburg; Holy Cross Parish, Colchester; St. Ann Parish, Milton; Our Lady of the Holy Rosary Parish, Richmond; St. Catherine of Siena, Shelburne; St. John Vianney Church, South Burlington; Our Lady of the Lake Parish, South Hero; St. Thomas Parish, Underhill Center; St. Peter Parish, Vergennes; Immaculate Heart of Mary Parish, Williston; St. Francis Xavier, Winooski; St. Charles Parish, Bellows Falls; Our Lady of the Valley Parish, Randolph; St. Michael Roman Catholic Church, Brattleboro; Holy Name of Mary Parish, Proctorsville c/o Ludlow; Our Lady of Mercy, Putney; Holy Family Parish, Springfield; St. Anthony's Parish, White River; Our Lady of Fatima, Wilmington; St. Francis of Assisi Parish, Windsor; Our Lady of the Snows, Woodstock; Christ Our Savior Parish, Manchester Center; St. John the Baptist Parish, North Bennington; St. Joachim Parish, Readsboro; Sacred Heart St. Francis de Sales, Bennington; St. Monica

Parish, Barre; Our Lady of Perpetual Help, Bradford; St. Francis of Assisi, Norwich; Our Lady of Light, South Strafford; St. Eugene, Wells River; Mary Queen of All Saints, Hardwick; St. Augustine Parish, Montpelier; The Most Holy Name of Jesus Parish, Morrisville; St. John the Evangelist Parish, Northfield; Blessed Sacrament Catholic Church, Stowe; Our Lady of the Snow and St. Patrick's Parish, Waitsfield & Moretown; St. Andrew Parish, Waterbury; Most Holy Trinity Parish, Barton; Mater Dei Parish, Derby Line; Corpus Christi Parish, St. Johnsbury; St. Andre Bessette Parish, Troy; St. Mary Parish Charitable Trust, Brandon; St. Bernadette and St. Genevieve Parish, Bridport c/o Middlebury; St. John the Baptist Parish, Castleton; Our Lady of Seven Dolors Parish, Fair Haven; Annunciation of the Blessed Virgin Mary, Ludlow; Assumption of the Blessed Virgin Mary (St. Mary's) Parish, Middlebury; St. Frances Cabrini Parish, West Pawlet; St. Paul Parish, Orwell c/o Castleton; St. Alphonsus, Pittsford; St. Raphael Parish, Poultney; St. Dominic Parish, Proctor; Christ the King Church, Rutland; St. Peter, Rutland; St. Patrick Parish, Wallingford; St. Bridget Parish, West Rutland; St. Stanislaus Kostka Parish, West Rutland; St. John the Baptist, Enosburg; St. Luke, Fairfax; St. Patrick Parish, Fairfield; St. Isidore Parish, Montgomery c/o Richford; All Saints Parish, Richford; Our Lady of Lourdes Parish, East Berkshire; Immaculate Conception Parish, St. Albans; Ascension Parish, Georgia c/o Fairfax; St. Anthony Parish, Sheldon Springs; St. Mary's, Franklin; Church of the Nativity - St. Louis Parish, Swanton; St. Anthony St. George Parish, Fairfield; Christ the King School, Burlington; St. Francis Xavier, Winooski; St. Michael School, Brattleboro; Sacred Heart School, Bennington; St. Monica - St. Michael School, Barre; St. Paul's Catholic School, Barton; Christ the King School, Rutland; Good Shepherd Catholic School, St. Johnsbury; St. Therese Digital Academy, Burlington; and Does 1 Through 20, being intended to name any other parishes whose true name and identity is not yet known.

Defendants.

## REPLY IN SUPPORT OF DIOCESE'S MOTION TO DISMISS COMPLAINT

The Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), submits this Reply in support of its Motion to Dismiss Complaint (ECF No. 11) (the "Motion").[1]

## REPLY

### I. THE COMMITTEE'S DECLARATORY RELIEF CLAIMS AGAINST THE DIOCESE SHOULD BE DISMISSED AS NO ADVERSITY EXISTS.

1. The Committee's declaratory relief claims against the Diocese (Counts 1 through 3) should be dismissed. As described in the Diocese's Motion, the Diocese agrees to be bound by the Court's ultimate determination of the declaratory relief claims. The Committee fails in its opposition to exactly describe why the Diocese's willingness to be bound proves insufficient.

2. The Committee first states that the Diocese must be a named party because the Diocese is "adverse" due to its position that the Parish Defendants and High Schools are separate entities from the Diocese. (ECF No. 21 ¶ 37.) Again, the Diocese agrees to be bound by the Court's ultimate decision and so no adversity exists. If the Committee's position is simply that, because the Diocese believes the Parish Defendants and High Schools are separate, it should be sued, such a claim would be punitive, not declaratory, and thus inappropriate.

3. The Committee otherwise fails to describe why dismissal of the Diocese after agreeing to be bound by the Court's ultimate judgment would be unacceptable. The claims will be determined by this Court in an adversary proceeding stemming from the Diocese's main bankruptcy case—the other defendants are represented by separate counsel and are actively

[1] Unless otherwise defined herein, defined terms in this Reply have the same meaning as used within the Motion and the Complaint for Declaratory Relief, Avoidance of Fraudulent Transfers, and Turnover (the "Complaint") (ECF No. 1).

participating in the litigation. If the Committee is successful, the Court's ultimate judgment would find that (1) the Parishes and the High schools are not separate legal entities from the Diocese, (2) that their assets are bankruptcy estate property, and (3) that the Parish Trusts are self-settled trusts whose assets are also bankruptcy estate property. Such determinations would unquestionably apply to the Diocese if made, and the Committee otherwise fails to cite any legal support for the argument that the Diocese would not be bound by such determinations.

4. The Committee next contends that the Diocese's dismissal would "invite additional discovery disputes during the case, and years of later disputes about the preclusive scope of the judgment, including as to the Bishop." (ECF No. 21 ¶ 40.) It remains unclear what discovery disputes would be present, particularly because the Committee already received extensive discovery from the Diocese as part of the main bankruptcy case (and notably has not sought further discovery from the Diocese for over a year). Additionally, the Committee would remain able to pursue discovery from the Diocese as allowed under the applicable rules (including Federal Rules of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45). Requiring the Diocese to remain a party solely to allow for discovery would make superfluous the applicability of these rules.

5. Finally, the Committee argues that some type of preclusivity issue would arise from the Diocese's dismissal, but the Committee fails to describe any such preclusivity issue. (ECF No. 21¶ 40). The Committee's argument regarding the Bishop's involvement is simply a red herring—the Bishop was named as a defendant his capacity as trustee of the Parish Trusts and, in that context, is separately represented in this proceeding.

6. Ultimately, the Diocese seeks to reduce litigation costs for the ultimate benefit of the Diocese's creditors. So long as the Diocese agrees to be bound by the Court's final rulings in

this case, the Court should dismiss the Committee's declaratory relief claims against the Diocese.

## II. THE COMMITTEE'S TURNOVER CLAIMS SHOULD BE DISMISSED AS UNNECESSARY, CIRCULAR, AND UNSUPPORTED.

7. The Committee's turnover claims against the Diocese should similarly be dismissed as unnecessary. Presumably, the Committee pleads its turnover claims in the alternative—if the Court determines that the property of the Parishes, High Schools, and Parish Trusts constitutes property of the bankruptcy estate, no turnover relief would be necessary; the Court only reaches the turnover claims if the Court determines that the Parishes, High Schools, and Parish Trusts are separate. If the Court makes that determination, then the relief sought in the turnover claims is properly sought against the Parishes, High Schools, and Parish Trusts, not the Diocese. Moreover, the Committee's entire basis for its ability to bring such claims, its derivative standing, necessitates that it stands in the shoes of the Diocese and any relief sought against the Diocese results in circular argument.

8. The Committee otherwise fails to address the Diocese's arguments that no adversity exists between the Committee and the Diocese as to the turnover claims, including the Diocese's cited legal support. The turnover claims are distinct from the Committee's declaratory relief claims and should be dismissed.

## CONCLUSION

9. For all of the foregoing reasons and the reasons stated in the Motion, the Court should grant the Motion and dismiss the Committee's claims against the Diocese.

Dated: September 23, 2026

*/s/ Steven R. Kinsella*
Raymond J. Obuchowski
**OBUCHOWSKI LAW OFFICE**
1542 Route 107, PO Box 60
Bethel, VT 05032
(802) 234-6244
ray@oeblaw.com

James L. Baillie (*pro hac vice*)
Steven R. Kinsella (*pro hac vice*)
Samuel M. Andre (*pro hac vice*)
Katherine A. Nixon (*pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
jbaillie@fredlaw.com
skinsella@fredlaw.com
sandre@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR THE ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT**