**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 24-10205-hzc** |
| **ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT,** | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | ) | **Adversary Proceeding No. 26-01005-hzc** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT, BISHOP JOHN J. MCDERMOTT, et al.,** | ) | |
| **Defendants.** | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

NOW COME the defendants (except the Roman Catholic Diocese of Burlington, Vermont, Mount Saint Joseph High School, and Rice Memorial School), by and through their attorneys, Kaveh S. Shahi, Gfeller Laurie LLP, and respectfully submit this Reply Memorandum in support of their motion to dismiss this Adversary Proceeding.

1. **The Creditors' Committee Has Not Alleged Sufficient Facts for Article III Standing**

The Opposition contends there is Article III standing in the dispute with the Diocese regarding its assets. And consistent with this argument, counts 1-3, as reproduced in the motion to dismiss, limit the existence of a justiciable controversy to the Diocese. The attempt in the Opposition to change the explicit allegations by attempting to vaguely supplement it by allegations incorporated does not relieve the pleading party of the manner in which it chose to expressly limit these counts as alleging a controversy with the Diocese only.

Moreover, the Opposition does not even attempt to explain the manner in which the required elements for Article III standing apply to the moving defendants. Specifically in what manner relative to each of the moving parties, the Creditors' Committee allegedly (i) suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendants; and (iii) that the injury would likely be redressed by judicial relief. Barring sufficient factual allegations to meet these requirements as to each of the moving parties, the complaint must be dismissed for lack of jurisdiction.

As to counts four to six, the Opposition declines to address the state law pursuant to which these counts are asserted. The moving parties refer to their memorandum in support of the motion as the Opposition fails to address the substantive requirements of the applicable state law, and this Reply is not intended to repeat the arguments advanced in the motion to dismiss.

As to count six, the Opposition's argument that the turnover count is a matter of alternative pleading does not address the advisory nature of relief sought by it. Nor does the Opposition address the Second Circuit decisions cited in the motion in support of this point in the motion.

**2. Under the First to File Rule, The Committee Should Not Be Allowed to File a Supplemental Complaint Under Bankruptcy Rule 7015 to Cure the Jurisdictional Shortcomings**

The Opposition does not seek to cure the jurisdictional defect by an amended pleading. The First to File Rule and its discussion *In re Goebel,* were raised in anticipation of such a request by the Creditors' Committee, and are therefore moot.

### 3. Without Consent, the Bankruptcy Court Lacks Jurisdiction to Adjudicate the Constitutional Defenses

The Opposition contends that the defendants withholding consent to the bankruptcy court's adjudication of their constitutional defenses in the adversary complaint is not a jurisdictional issue. The moving parties disagree and maintain that their constitutional defenses which must be determined in advance of the adjudication of the merits of the Adversary Proceeding are for an Article III Court which in turn means this Court lacks jurisdiction. The Opposition offers no authority that supports coercing the Parishes to adjudicate their constitutional defenses in a court that lacks jurisdiction not only constitutionally but also under the standing referral order by the district court. The moving parties maintain that the Adversary Proceeding cannot move forward until the question of the moving defendants' right to an Article III court for the adjudication of the constitutional issues has been finally decided and the constitutional issues can be decided before the merits adjudication.

### 4. Count Five Was Extinguished under 9 V.S.A. §2293(2) as Fraudulent Conveyance Claims under Section 2288(a)(2) or 2289, Do Not Have Additional Time to Discover the Claim

The Opposition appears to concede that count 5 was extinguished as the "Transfers" allegedly made in 2006 per the allegations in paragraph 51 of the complaint, as well as any transfers subsequently made up to four years before the filing of the petition. Therefore count 5 must be dismissed as to the alleged Transfers.

The Opposition refers to "Additional Transfers" which paragraph 52 of the complaint alleges in a conclusory manner were made within four years of the Petition Date. However, no facts are alleged in paragraph 52 to specify such alleged transfers and to allow the defendants to determine

whether the allegations meet the elements of the statue statute on fraudulent transfers. Conclusory allegations are not sufficient to meet the required factual pleading on a motion to dismiss, and as such the so-called Additional Transfers do not meet the required factual pleading.

**5. Count Four Was Extinguished under 9 V.S.A. §2293(1)**

The Opposition contends that on a motion to dismiss it must be accepted that at least one claimant allegedly could not have reasonably discovered the transfers because he had moved out of state, no longer attended church or received church news, or had access to Diocese financial information. However, under Vermont inquiry notice, as explained in the motion, these allegations are insufficient. The Opposition does not even attempt to meet Vermont law on inquiry notice. As discussed in the motion, Vermont courts have as a matter of law dismissed complaints for failing to meet the required inquiry notice. Not every late filing is automatically sent to the jury.

The allegation in the complaint that some claimants were aware of the transfers but believed their claims were barred by the statute of limitations, as discussed in the motion, also fail as a matter of law to meet inquiry notice. Public records such as the court filing in *Borden v. Roman Catholic Diocese of Burlington, et al,* Docket No. S1527-09 CnC, filed November 23, 2009, the filing of which can be judicially noticed, show that abuse claimants were proceeding with their claims and challenges to the 2006 transfers. Any reasonable inquiry of the publicly available records would have revealed as early as 2009 that the transfers were challenged and the abuse claimants were not deterred by the then-statute of limitations from pursuing their claims. The Opposition cannot simply overlook the passage of some 20 years and call it a factual issue for a jury to determine presumably in the district court.

**CONCLUSION**

The Opposition fails to meet the points raised in the motion to dismiss, and the Complaint should be dismissed for the reasons outlined in the motion.

Dated this 23rd day of September, 2026.

Respectfully Submitted,
GFELLER LAURIE LLP

By: */s/ Kaveh S. Shahi*

Kaveh S. Shahi, Esq.
110 Merchants Row, Ste. 3
Rutland, VT 05701
(802) 775-8800
kshahi@gllawgroup
*Attorneys for the moving parties (all defendants except the Diocese, Mt. Saint Joseph High School, and Rice Memorial High School)*