*Formatted for Electronic Distribution* *Not for Publication*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT

Filed & Entered
On Docket
09/27/2026

---

In re:

Roman Catholic Diocese of Burlington, Vermont,

Debtor.

Case No. 24-10205-HZC
Chapter 11

---

The Official Committee of Unsecured Creditors,

Plaintiff,

vs.

Adversary Proc. No. 26-01005

Roman Catholic Diocese of Burlington, Vermont;
Bishop John J. McDermott;
Rice Memorial High School;
Mount St. Joseph High School;
Christ The King - St. Anthony Parish, Burlington;
St. Joseph Co-Cathedral, Burlington;
St. Mark Parish, Burlington;
St. Ambrose Church, Bristol;
St. Mary Church, Cambridge;
Our Lady of Mt. Carmel Church, Charlotte;
Our Lady of Grace Parish, Colchester;
St. Pius X Church, Essex Junction;
Holy Family - St. Lawrence Parish, Essex Junction;
St. Jude Church, Hinesburg;
Holy Cross Parish, Colchester;
St. Ann Parish, Milton;
Our Lady of the Holy Rosary Parish, Richmond;
St. Catherine of Siena, Shelburne;
St. John Vianney Church, South Burlington;
Our Lady of the Lake Parish, South Hero;
St. Thomas Parish, Underhill Center;
St. Peter Parish, Vergennes;
Immaculate Heart of Mary Parish, Williston;
St. Francis Xavier, Winooski;
St. Charles Parish, Bellows Falls;
Our Lady of the Valley Parish, Randolph;
St. Michael Roman Catholic Church, Brattleboro;
Holy Name of Mary Parish, Proctorsville c/o Ludlow;
Our Lady of Mercy, Putney;
Holy Family Parish, Springfield;
St. Anthony's Parish, White River;
Our Lady Fatima, Wilmington;

St. Francis of Assisi Parish, Windsor;
Our Lady of the Snows, Woodstock;
Christ Our Savior Parish, Manchester Center;
St. John the Baptist Parish, North Bennington;
St. Joachim Parish, Readsboro;
Sacred Heart St. Francis de Sales, Bennington;
St. Monica Parish, Barre;
Our Lady of Perpetual Help, Bradford;
St. Francis of Assisi, Norwich;
Our Lady of Light, South Strafford;
St. Eugene, Wells River;
Mary Queen of All Saints, Hardwick;
St. Augustine Parish, Montpelier;
The Most Holy Name of Jesus Parish, Morrisville;
St. John the Evangelist Parish, Northfield;
Blessed Sacrament Catholic Church, Stowe;
Our Lady of the Snow and St. Patrick's Parish, Waitsfield & Moretown;
St. Andrew Parish, Waterbury;
Most Holy Trinity Parish, Barton;
Mater Dei Parish, Derby Line;
Corpus Christi Parish, St. Johnsbury;
St. André Bessette Parish, Troy;
St. Mary Parish Charitable Trust, Brandon;
St. Bernadette and St. Genevieve Parish, Bridport c/o Middlebury;
St. John the Baptist Parish, Castleton;
Our Lady of Seven Dolors Parish, Fair Haven;
Annunciation of the Blessed Virgin Mary, Ludlow;
Assumption of the Blessed Virgin Mary (St. Mary's) Parish, Middlebury;
St. Frances Cabrini Parish, West Pawlet;
St. Paul Parish, Orwell c/o Castleton;
St. Alphonsus, Pittsford;
St. Raphael Parish, Poultney;
St. Dominic Parish, Proctor;
Christ the King Church, Rutland;
St. Peter, Rutland;
St. Patrick Parish, Wallingford;
St. Bridget Parish, West Rutland;
St. Stanislaus Kostka Parish, West Rutland;
St. John the Baptist, Enosburg;
St. Luke, Fairfax;
St. Patrick Parish, Fairfield;
St. Isidore Parish, Montgomery c/o Richford;
All Saints Parish, Richford;
Our Lady of Lourdes Parish, East Berkshire;
Immaculate Conception Parish, St. Albans;
Ascension Parish, Georgia c/o Fairfax;
St. Anthony Parish, Sheldon Springs;
St. Mary's, Franklin Church of the Nativity - St. Louis Parish, Swanton;
St. Anthony St. George Parish, Fairfield;
Christ the King School, Burlington;
St. Francis Xavier, Winooski;
St. Michael School, Brattleboro;
Sacred Heart School, Bennington;
St. Monica - St. Michael School, Barre;

St. Paul's Catholic School, Barton;
Christ the King School, Rutland;
Good Shepherd Catholic School, St. Johnsbury;
St. Therese Digital Academy, Burlington;
and DOES 1 through 20, being intended to name any
other parishes whose true name and identity is not yet known,

Defendants.

---

Appearances: Steven R. Kinsella, Esq., for the Debtor-in-Possession;
Raymond J. Obuchowski, Esq., local counsel for the Debtor-in-Possession;
Brittany Michael, Esq. for Committee of Unsecured Creditors;
Paul A. Levine, Esq., local counsel for Committee of Unsecured Creditors;
Kaveh S. Shahi, Esq., for Defendants (except the Roman Catholic Diocese of Burlington, Vermont, Mt. St. Joseph High School, and Rice Memorial High School)

## ORDER GRANTING IN PART AND DENYING IN PART PARISH DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Certain Defendants, comprised of each of the defendants in the above-referenced adversary proceeding (the Adversary Proceeding) other than the Roman Catholic Diocese of Burlington, Vermont (Debtor or Diocese), Mt. St. Joseph High School and Rice Memorial High School, move to dismiss the Adversary Proceeding (the Motion to Dismiss) on multiple grounds.[1] For ease of reference, the moving Defendants shall be referred to collectively as "Parish Defendants".[2] In support of the Motion to Dismiss, the Parish Defendants request this Court take judicial notice of two separate pleadings: (1) the complaint filed in State Court action *Borden v. Roman Catholic Diocese of Burlington, et al*, Docket No. S1527-09 CnC, on November 23, 2009 (the State Court Complaint); and (2) the complaint initiating the Federal Declaratory Action, Doc. 1, 2:26-cv-00249-mkl (the Federal Declaratory Action).

---

[1] ECF 13.

[2] The Parish Defendants are necessarily included within the definition of "Operating Divisions" in the Committee's Complaint.

The Federal Rules of Evidence provide, "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court FINDS it appropriate to take judicial notice as to the existence of the pleadings. However, to the extent the Parish Defendants request the Court weigh the allegations within the pleadings, and specifically the State Court Complaint, in support of the Motion to Dismiss, the Court FINDS that such request exceeds the bounds of when judicial notice is proper.

ACCORDINGLY, the Parish Defendants' Request for Judicial Notice is GRANTED in part and DENIED in part.

The Court takes judicial notice of the existence of the State Court Complaint and the Federal Declaratory Action and when they were filed. For purposes of the Motion to Dismiss, the Court declines to take judicial notice of the allegations contained within either, as weighing evidence is not proper at the Rule 12(b)(6) stage of pleading.

**SO ORDERED.**

Heather Z. Cooper

September 27, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge